LAWRENCE and others v. MORRISANIA STEAM-BOAT Co.

*(District Court, E. D. New York. October 24, 1881.)*

1. REPAIRS TO VESSEL—CONTRACT—PERFORMANCE.

L. & Co., shipwrights, made an offer, by letter, to the M. Steam-boat Co. to repair one of their steam-boats, which was accepted, and L. & Co. proceeded to do the work. Payments on account were made while the work was in progress, and a note for the balance of the bill given. Payment of the note at maturity was refused on the ground that the contract had not been fully performed. L. & Co. filed a libel to recover the balance claimed to be due, and the company in their answer set up a special agreement to make the boat stiff and strong as new, and remedy the defect which made her "cranky," and non-performance thereof. *Held*, that the special agreement was not found by the testimony; that the written contract in the letter was the only one by which to determine the right of the parties; and, the terms of that having been performed, the libellants were entitled to be paid the balance due.

In Admiralty.

*Scudder & Carter,* for libellant.

*T. C. Cronin,* for libellee.

BENEDICT, D. J. Upon the testimony there is little room to doubt that the libellant is entitled to recover the portion of his bill for work done upon the defendant's steam-boat, Shady Side, that remains unpaid. The letter of the libellant, dated April 10, 1880, contains a statement of the work he offered to do. The defendants, by their letter of April 14, 1880, accepted the libellant's offer as made. These two letters constitute a written contract by which alone the rights of the parties must be determined. These letters contain nothing in the shape of a warranty on the part of the libellant that the alteration he proposed to make in the boat's hull would make her stiff, and remedy the existing defect in her build, and for that reason it must be held that the special agreement set up in the answer has not been proved. This view of the matter in controversy renders it unnecessary to pass upon the conflicting testimony given in respect to conversations and negotiations had prior to the reduction of the contract to writing. It should, however, be said that the acts of the parties subsequent to the acceptance of the libellant's offer are in harmony with the view I have adopted, and confirm me in the opinion that the libellant has performed his contract and is entitled to be paid the sum claimed in the libel.

Let a decree be entered to that effect.